You call the next case, please. Miss Fincher. Good morning, your honors. My name is Autumn Renee Fincher from the Office of the State Appellate Defender, and I represent Lorenzo Newman this morning. If I may, I'd like to reserve five minutes for rebuttal. The question presented by this case is, is a person guilty of the criminal offense of child endangerment merely by driving a car while the children in the car aren't restrained by a seat belt? The answer to that question is no. But of course, that's not exactly the facts we got in this case, is it? There are other facts that the defendant got into an accident, the defendant swerved to hit something out of the road, but there's no evidence that the defendant was driving recklessly. Well, if a car, couldn't one conclude if a car turns a corner and ends up off the road and into a tree that they weren't driving carefully? Based on the evidence that was presented at trial, the state presented, there's no evidence that it wasn't merely an accident. We do have the swerving of the car, we do have the screeching of the tires that the neighbor heard, but we don't know anything beyond that. We don't know what speed the car was going, we don't know if there was a stop sight. Couldn't reasonable people say whatever that speed was was too fast? That Lorenzo Newman was going? Well, the only thing that we have, the only evidence that we have on that issue was that Lorenzo Newman's own statement to the officer that he swerved to avoid something in the road. And had the state charged it as reckless driving, that the defendant was engaging in reckless driving as the conduct that endangered the children, that's something that Lorenzo Newman could have contested. But the only evidence, the only thing that the state charged in the complaint here as the endangering conduct was that the defendant did not have the children properly restrained. And had the state charged it as, the endangering conduct as reckless driving, we don't know what Lorenzo Newman, if he would have testified, if he would have testified that he was not driving recklessly, if the state would have been then required to present more evidence that he was in fact driving recklessly. The only thing that the state charged as endangering conduct was that the children weren't wearing their seatbelts. That was uncontested at trial. And had the, like I said, had the state presented evidence that this was reckless driving, Lorenzo Newman could have countered that, saying I was going the speed limit, the 25 mile per hour speed limit, I swerved to hit something in the road, and the children just happened not to be wearing seatbelts at the time. So the facts of this case... Well, let's follow through with that. I swerved to hit something in the road, and you're hypothetical. And then there's an accident. Yeah. And that's circumstantial evidence of endangering the children. That there was an accident. The child endangerment statute requires that the conduct the defendant engaged in that endangered the child be willful. Willful is knowing conduct. An accident is not willful conduct. Well, the willful, I think, was one who willfully started the car and put it in gear with unbelted kids in the car. That was willful, right? Yes. And then, secondly, he drove the car in a manner that he couldn't keep it under control. And I believe he said he swerved to miss something. The policeman says, well, like what? I don't know. Something. And so reasonable people... Reasonable inferences from that is that you were driving recklessly or at least too fast. Well, not every accident. That's why the trial judge even said accidents happen. Not every accident means that the defendant or the driver was driving recklessly. And we don't have enough evidence in this case to say, other than not putting the children in a seat belt, that Lawrence O. Newman did anything wrong. You know, swerving. The only evidence, like I said, that we have is his own statement to the officer that he swerved to hit something in the road. It's one of the reasons for my question on the circumstantial evidence of the plane. The fact that whatever... He was driving the vehicle. He normally was driving the vehicle. He wasn't asleep or something. And so he's driving the vehicle and there's an accident and you're hypothetical. It's not his fault. He's swerving and stuff like that. The children are not restrained. They're not in safety equipment. And doesn't that endanger the children? It happens like that? I mean, we're not talking about his... Whether he's reckless or not. Whether the children were in danger. Yes. As for whether or not the children were in danger, the statute requires that the defendant's conduct put the... The defendant must know that his conduct is practically certain to place a child in prison. The harm has to be practically certain to occur. And merely driving without a seatbelt on doesn't make it any more practically certain that harm will befall the child. What if I told you I'm going to put my kids in a car and I'm going to drive it into a tree? Would you think that that might be practically certain? What would you say? You might probably say, Dan, don't do that. Because, well, why not? Well, you're going to hurt the kids, right? Yes. You know, it would seem like you'd have something to talk about. If this fellow was driving down the street, the policeman comes by and sees him and he happens to notice no seatbelt on the kid, perfectly legal, or he stops him for a license plate violation, and then instead of writing, having unrestrained kids, he writes and he charges him with endangering the life of a child, it would seem to me that in that scenario the argument would make more sense. But in the case here where the guy is screeching around a corner and ends up with the car in a tree off the roadway, that we generally expect that, you know, the car is just standing in lanes and the driver is doing something wrong. Assuming something, there's no way somebody else ran him off the road or did that. There's no way. If you've got unbilled kids, it would be a stronger duty to keep that car under control and not crashing into stuff. But that conduct, getting into an accident, what we know about it right now is we don't have any information about this accident except his own statement. The fact that he happened to get into an accident when the children were unrestrained in the car doesn't elevate this to child endangerment. The fact that he the conduct that was alleged to be endangering was the fact that he didn't have the children restrained. And like you said, an officer pulled him over, he was obeying all the stop signs and all the traffic signs and pulled him over and just found that the kids were not restrained and charged him for child endangerment. That would be in your Honor's purview that would be a different situation. But here, it's no different situation. Just the mere fact that an accident happened to occur. We use the word accident. The trial court used that. We threw that around routinely and people talk about traffic crashes and accidents when an accident implies nobody's fault. But if but in most cases, traffic crashes aren't accidents. Somebody did something wrong. Sometimes one person or two people. So the fact that we label it accident is probably a misnomer in the sense that somebody probably did something wrong. But if I'm hearing what you're saying is your beef more the evidence or are you saying they did the charge you know it was the charging instrument that was deficient? Both. There were two problems in this case. The charging instrument if we want to turn this up to a variance it's a fatal variance because if the state were to charge this as the endangering conduct was driving recklessly if we want to go down there the state proceeded below on this being an accident and that the endangering conduct was the fact that the children weren't wearing the seatbelt and if it really were that the defendant was driving recklessly we don't know what kind of defense he would have prepared to that. He had no defense to the fact that the children weren't wearing seatbelts. He admitted to the officer that statement came in that the children were not wearing seatbelts. However, if the state charges as reckless driving as the endangering conduct, would Lorenzo Newman have testified? I was going to speed limit there was an animal on the road I was very flustered when I talked to the officer and I didn't know at the time and maybe the trial court could have credited that. We don't know that because that's not what the state charged here. We don't know what kind of defense Lorenzo Newman would have put on and the whole point of keeping the state to proving what is charged in the complaint is to give the defendant notice and the opportunity to If the state proceeds on reckless driving was endangering conduct, we don't know what could have happened below. But the state didn't charge it that way. The state charged it that it was not having the children in their seatbelts. That doesn't make it any more likely, even if an accident does happen, that just the mere fact of not having the children restrained doesn't make it any more likely that harm is practically certain to occur. More so than for example, driving with your children in the rain. Driving with your children while there's a thunderstorm outside, the road conditions are slick, people aren't paying as close attention to the road, there's a greater likelihood of harm there. But there's not a statute about that. There isn't a statute about that. There is a statute a traffic violation about running a red light. The conduct here is not putting the children in the safety seat. That's what the complaint alleged was the endangering conduct. Not putting the child in the safety seat. So to ask another hypothetical, if you're stopped at a stop sign, you do not put your children in a safety restraint. And a car runs right into you and the children fly out of the car. Have you endangered your children under that statute? You're at the stop sign, nothing to do with your driving. Another car, and you're on the road, and there's possibilities that cars will hit you. You're stopped. And the children fly out of the car. Have you endangered your children by your conduct of not putting them in the child restraint? Not under the statute. Under the statute, it requires that the conduct, not putting the stop sign, and no fault of yours, but your children aren't restrained. That makes it practically certain that that other car would have come and hit you, and that your children would have flown out. Just by not putting them in a seatbelt doesn't make it practically certain that something is going to occur. That only happens when? The examples that I cited in my brief, for example, in Belknap, this court upheld a conviction where the defendant hit the child and used drugs while failing to get the child medical attention. Melton, the conviction was upheld in that case where the child's living conditions were, as described by the appellate court, were not fit for animals. And the appellate court found it particularly egregious that the defendant made the conscious choice to live like that and have children in that environment. And then Wilkinson, the example there... Those are all cases focusing on endangerment in other contexts. Yes, endangerment in other contexts. But that is the sort of outrageous conduct that the child endangerment statute is designed to prevent. Outrageous conduct. Those are in neglect cases dealing with endangering the child. Yes, in neglect cases and in criminal convictions. They were all criminal convictions. The difference between that case, our case, and your example is that the defendant engaged in conduct in those instances that was practically certain and he knew that it was practically certain to create the probable risk of harm. So you equate this statute with statutes dealing with child neglect, child abuse, and those kinds of things? I think the criminal statute requires much more egregious conduct to penalize this as a criminal offense when, as your Honor pointed out earlier, this is a traffic violation. This is a $75 fine. Not having a child under the age of 8 properly restrained. Well, if a fellow's got some kids in a car and belled it or unbelled it, he goes through a busy intersection, a big city, a lot of traffic, and he blasts through a red light. Clearly the light's not even close. He just goes through a red light at 60 mph in a 30 mph speed zone. And somehow the car makes it through there without any accident. You think he could be charged with endangering a life? Nobody's heard of endangering a life of a kid, of a child. It doesn't require that there be injury or accident to sustain a conviction. I think what you're saying, and two, is if the elements are the same, in other words, there may be a problem if you've got two actions and they're exactly the same, one can be charged as a petty offense and the other can be charged as a criminal misdemeanor. And if I hear what you're saying, that can be a problem. Yes, absolutely. And that's one of our positions that, just your example from earlier, if, you know, if a defendant gets pulled over and just happens not to have his kids restrained, he gets  a car, another car, in your example, comes out and plows into him and those kids fly out, he's guilty of child endangerment just because of what somebody else did in that situation. Well, but his conduct was not placing the children in the proper restraints. Yes, but... That's the conduct you're talking about. Yes, but the conduct in the instance where the defendant was not hit by a car or did not get into an accident, that conduct would only be punishable by a $75 fine. And now here, because of something, you know, some extraneous circumstances coming into play, all of a sudden it's elevated to a criminal offense. And that, I think that's an absurd result that wasn't intended by the legislature. Why do you think we have a statute, the purpose behind the statute to restrain children is the possibility there could be accidents and things could happen, and there is a fear that children not properly restrained are going to fly out and suffer more severe damage than they otherwise would. Agreed. I absolutely agree. But not having your children restrained doesn't make it practically certain. I keep going back to this definition. It has to be practically, the conduct has to place the child in a situation where it's practically certain that harm will befall that child. And just by not having... Is that what this means, practically certain? Yeah, and that's how it's been defined by several cases, including Wilkinson, that it needs to be practically certain that harm, there's a likelihood of probable harm in those cases. You can finish this one. Oh, and so I just wanted to say that that's the instance that distinguishes this case from the other cases and the other hypotheticals that we've used today. All those factors in those cases combine to create a situation where the child was placed in peril of practically certain harm. And because the Child Endangerment Statute is designed to prevent and punish outrageous conduct, we believe that because Newman's conduct describing his cousins restrained is hardly outrageous conduct, we ask that you reverse the finding of guilt as to child endangerment. Thank you. Alright, thank you. Mr. Hanson. The defendant's claim here and the claim we've defended is a specific one. It's stated in a brief that the people did not prove him guilty beyond a reasonable doubt of endangering the life or health of these three children by transporting them in a car without proper restraints. In light of that, in light of that specific claim, my points here will be fairly few. First of all, we rely, as frequently we do in cases like this, on the Collins standard. Look at the evidence of life's most favorable to the people. The Jordan case, which I cite in my brief, also as to violation of a child endangerment, talks about willful or knowing conduct. Willful is knowing conduct. And it says, by the way, endanger means the potential or possibility of injury. You endanger a kid when you place him in the potential or possibility, not conduct that will result and does result in harm, but to conduct which could or might result in harm. That's the Jordan case. Well, answer me this. I guess, evidence aside, what about the charge? Did they charge enough? In other words, did the criminal complaint charge enough to put him on notice? In other words, because the counsel argues that the criminal complaint did nothing more than really allege a violation of the seatbelt statute. Transporting the minors in an appeal without proper restraints, what it alleges. But the only issue they raised in their brief was proof beyond a reasonable doubt. That's the issue we were prepared to address. There wasn't a question that the charge was inadequate raised on appeal. In keeping with the limited nature of our argument, I would note that he transported three children, not one, not two, but three with no safety restraints, and the statute mandates they be transported with restraints. He admitted he thought the children should have been in safety seats, and he patently knew of the danger. The judge noted that admission. She noted that he drove into a tree. Accidents will happen, but the kids had no seatbelts. The evidence was easily enough under Collins. And although the defendant comes up with the later argument that the defendant here could have been prosecuted under the petty offense statute, that may or may not be true, but assuming it is, prosecutors frequently charge, for example, aggravated battery where they could charge non-aggravated battery and bargain it down. This defendant, as far as we know, didn't do anything but bargain it down, took a trial. And keep in mind, the reason for this misdemeanor charge rather than the petty offense charge here strikes me as overwhelmingly clear. There were three kids involved and the guy had an accident. This isn't just one kid involved and the cop happening to notice as he walks alongside the parked car that the kid isn't restrained. This is a more egregious situation, ergo, generating the more egregious charge. That concludes my comments, Your Honor. How do you respond to your opponent's argument with regard to the... She's arguing that the conduct is practically certain to cause the... I believe she's taking that language out of definitions of willfully endangering a child. The statute itself says the defendant has to willfully cause or permit the life or health of a child under 18 to be endangered. The statute talks about knowing conduct and again, I would cite... She talks about knowing... Willfully in the child means knowing conduct A person acts knowingly when he unconsciously is aware that's from the Melton case. I'm talking about the Jordan case which says endanger means the potential or possibility of injury. That's from the statute. That language is from the statute. That is from Jordan. I don't know that that language is from the statute. I think that's Jordan saying what endanger... The statute uses the word endanger, yes. So to that extent, it's Jordan saying what endanger means. Potential or possibility of injury. Not the conduct that will result or does result in harm, but the conduct which could or might result in harm. That's what endangering entails. According to Jordan. Thank you, Your Honors. Thank you. Is there some rebuttal? Just very frankly, Your Honors, I would just like to clarify something in Melton is the explanation of practically certain is cited in my brief, but I just want to point out at 417 that it has to show that the endangering conduct would be practically certain to endanger the child's health and so or well-being. So my opposing counsel relied on Jordan and that's a case where the defendant left his daughter in a car and walked away and a couple minutes later returned to find that there were ambulances on the scene pulling this infant from the car and at first glance you're like, how is this any different than this instance? Leaving a child in a car you probably shouldn't do. But how is it endangering the child? In that case, there were so many other factors that the court relied on. The fact that the child victim was an infant, the fact that it was in freezing weather conditions, I think there was a 21 degree wind chill in that case, the fact that the defendant was gone for at least 30 minutes because that's how long it took for the security guard to notice the child and for the ambulance to extract the child from the car, the infant, I'm sorry. So under all those circumstances it would make it practically certain that harm would befall the child if it was also in an urban environment. All of those factors go into the fact that the defendant was endangering his child. But the court also found that the presumption that a child just left unattended without any of these attenuating circumstances would automatically result in a finding of child endangerment because it's all the other factors that go into that. One, we don't have enough information about what that accident entailed or what that incident entailed to know whether or not the defendant was driving recklessly or whether he nearly swerved to avoid something in the road. And what speed he was going or anything like that. Here, the state just charged it as the endangerment conduct to be that the children were not properly restrained. And because we disagree that that falls under child endangerment, the definition of child endangerment, we ask that you reverse his finding of guilt. It is correct that the statute itself says that to sustain the conviction you need endangering the life or health of a child so the language of the statute would indicate the state has to prove beyond a reasonable doubt that the defendant will flee. This is where you get into your definition. Causes or permits the life or health of a child under 18 to be endangered. Causes or permits. And so the conduct here that the state alleged caused or permitted the children to be in danger was that they weren't properly restrained. And then knowing your citation to Milton is based on knowing conduct is very consciously aware that conduct is practically so that's where you get the practical language. Yes. So that's the basis of your position. Yes. And if you have no other questions thank you for your time. Okay, thank you. Thank you Mr. Hanson for your arguments this morning. The matter will be taken under advisement. Ridged disposition will be issued. And the court's now adjourned.